SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------X

| | |
|---|---|
| GERMANE HODGE, and CYNTHIA ROMANO, | **SUMMONS** |
| *Plaintiffs*, | Index No.: 030014/2025 |
| | Date Filed: 01/02/2025 |
| -against- | |
| | **Plaintiffs designate** |
| LUIS A ZAPATA ARENAS, and | **Rockland County** |
| FARMLIND PRODUCE, LLC, | **as the place of trial.**[1] |
| *Defendants*. | |

---------------------------------------------------------------X

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on Plaintiffs' attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service [or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York]; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:   New York, New York
         January 2, 2025

NOTICE NOTICE NOTICE
PLEASE BE ADVISED THAT PURSUANT
TO THE VEHICLE AND TRAFFIC LAW OF THE
STATE OF NEW YORK
SECTIONS 253/254, A COPY OF THE ENCLOSED
SUMMONS WITH NOTICE/SUMMONS AND
COMPLAINT HAS PREVIOUSLY SERVED ON THE
[illegible] OF NEW YORK

Yours, etc.,

ROTH & KHALIFE, LLP,

By: *Ronald H. Roth*

RONALD H. ROTH, ESQ.,
*Attorney(s) for Plaintiffs*
14 Wall Street, Suite 1603
New York, New York 10005
Telephone: 212-608-3015
Facsimile: 212-208-2177

---

[1] The basis of venue is the county in which a substantial part of the events or omissions giving rise to the claim occurred. The incident giving rise to the within action occurred in the County of Rockland, State of New York (on I-87 at or near MPM 21.2, in the County of Rockland, State of New York).

To:

LUIS A ZAPATA ARENAS (New Jersey License ID Number: Z05134946103652)
*Defendant*
113 Ayers Ct., Apt P2
Teaneck, NJ 07666

FARMLIND PRODUCE, LLC
*Defendant*
804 Clauss Lane
River Vale, NJ 07675
Attention: Legal Department

**PROMPTLY FORWARD THIS DOCUMENT TO YOUR INSURANCE COMPANY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
GERMANE HODGE, and CYNTHIA ROMANO,                COMPLAINT

          *Plaintiffs*,

          -against-                                      Index No.: 030014/2025

LUIS A ZAPATA ARENAS, and
FARMLIND PRODUCE, LLC,

          *Defendants*.
-----------------------------------------------------------------X

Plaintiffs, by his/her/their attorney(s), ROTH & KHALIFE, LLP, as and for a Complaint, respectfully sets forth and alleges the following, upon information and belief:

## COMMON ALLEGATIONS

1. That, at all times hereinafter mentioned, Plaintiff GERMANE HODGE was and still is a resident/domiciliary of the County of Broome, State of New York.

2. That, at all times hereinafter mentioned, Plaintiff CYNTHIA ROMANO was and still is a resident/domiciliary of the County of Delaware, State of New York.

3. That, at all times hereinafter mentioned, Defendant LUIS A ZAPATA ARENAS was and still is a resident/domiciliary of the State of New Jersey.

4. That, at all times hereinafter mentioned, Defendant FARMLIND PRODUCE, LLC was a resident / domiciliary of the State of New Jersey.

5. That, at all times hereinafter mentioned, Defendant FARMLIND PRODUCE, LLC maintained an office within the State of New York.

6. That, at all times hereinafter mentioned, Defendant FARMLIND PRODUCE, LLC was and still is doing business in the State of New York.

7. That, at all times hereinafter mentioned, Defendant FARMLIND PRODUCE, LLC was duly authorized to conduct business within the State of New York.

8. That, on September 3, 2024, Plaintiff GERMANE HODGE was the operator of a certain motor vehicle, bearing New York License Plate Number LGL9055 (hereinafter referred to as "Plaintiffs' motor vehicle").

9. That, on September 3, 2024, Plaintiff CYNTHIA ROMANO was a passenger in Plaintiffs' motor vehicle.

10. That, on September 3, 2024, a certain tractor and/or motor vehicle, bearing New Jersey License Plate Number AW543Y, was in combination with a certain semi-trailer, trailer and/or vehicle [hereinafter said tractor-trailer combination is collectively referred to as "Defendants' vehicle"].

11. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the operator of Defendants' vehicle.

12. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the owner of Defendants' vehicle.

13. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the lessor of Defendants' vehicle.

14. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the lessee of Defendants' vehicle.

15. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the registrant of Defendants' vehicle.

16. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS maintained Defendants' vehicle.

17. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS controlled Defendants' vehicle.

18. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant LUIS A ZAPATA ARENAS was operating Defendants' vehicle with the actual and/or implied consent and/or permission of its owner and/or its owner's agents, employees and/or servants.

19. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the operator of the tractor portion of Defendants' vehicle.

20. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the owner of the tractor portion of Defendants' vehicle.

21. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the lessor of the tractor portion of Defendants' vehicle.

22. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the lessee of the tractor portion of Defendants' vehicle.

23. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the registrant of the tractor portion of Defendants' vehicle.

24. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS maintained the tractor portion of Defendants' vehicle.

25. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS controlled the tractor portion of Defendants' vehicle.

26. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant LUIS A ZAPATA ARENAS was operating the tractor portion of Defendants' vehicle with the actual and/or implied consent and/or permission of its owner and/or its owner's agents, employees and/or servants.

27. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the operator of the trailer portion of Defendants' vehicle.

28. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the owner of the trailer portion of Defendants' vehicle.

29. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the lessor of the trailer portion of Defendants' vehicle.

30. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the lessee of the trailer portion of Defendants' vehicle.

31. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was the registrant of the trailer portion of Defendants' vehicle.

32. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS maintained the trailer portion of Defendants' vehicle.

33. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS controlled the trailer portion of Defendants' vehicle.

34. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant LUIS A ZAPATA ARENAS was operating the trailer portion of Defendants' vehicle with the actual and/or implied consent and/or permission of its owner and/or its owner's agents, employees and/or servants.

35. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the operator Defendants' vehicle.

36. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the owner of Defendants' vehicle.

37. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the lessor of Defendants' vehicle.

38. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the lessee of Defendants' vehicle.

39. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the registrant of Defendants' vehicle.

40. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant FARMLIND PRODUCE, LLC actually and/or impliedly consented to Defendant LUIS A ZAPATA ARENAS operating Defendants' vehicle.

41. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the operator of the tractor portion of Defendants' vehicle.

42. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the owner of the tractor portion of Defendants' vehicle.

43. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the titleholder of the tractor portion of Defendants' vehicle.

44. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the lessor of the tractor portion of Defendants' vehicle.

45. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the lessee of the tractor portion of Defendants' vehicle.

46. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the registrant of the tractor portion of Defendants' vehicle.

47. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC maintained the tractor portion of Defendants' vehicle.

48. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC controlled the tractor portion of Defendants' vehicle.

49. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant FARMLIND PRODUCE, LLC actually and/or impliedly consented to Defendant LUIS A ZAPATA ARENAS operating the tractor portion of Defendants' vehicle.

50. . That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the operator of the trailer portion of Defendants' vehicle.

51. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the owner of the trailer portion of Defendants' vehicle.

52. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the titleholder of the trailer portion of Defendants' vehicle.

53. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the lessor of the trailer portion of Defendants' vehicle.

54. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the lessee of the trailer portion of Defendants' vehicle.

55. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC was the registrant of the trailer portion of Defendants' vehicle.

56. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC maintained the trailer portion of Defendants' vehicle.

57. That, on September 3, 2024, Defendant FARMLIND PRODUCE, LLC controlled the trailer portion of Defendants' vehicle.

58. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant FARMLIND PRODUCE, LLC actually and/or impliedly consented to Defendant LUIS A ZAPATA ARENAS operating the trailer portion of Defendants' vehicle.

59. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant LUIS A ZAPATA ARENAS was operating Defendants' vehicle during the course and scope of their employment for Defendant FARMLIND PRODUCE, LLC.

60. That, on September 3, 2024, Defendants' vehicle was being operated by Defendant LUIS A ZAPATA ARENAS, or one of their agents, employees and/or servants.

61. That, on September 3, 2024, Defendants' vehicle was being operated by Defendant FARMLIND PRODUCE, LLC, or one of its agents, employees and/or servants.

62. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant LUIS A ZAPATA ARENAS was operating the tractor portion of Defendants' vehicle during the course and scope of their employment for Defendant FARMLIND PRODUCE, LLC.

63. That, on September 3, 2024, the tractor portion of Defendants' vehicle was being operated by Defendant LUIS A ZAPATA ARENAS, or one of their agents, employees and/or servants.

64. That, on September 3, 2024, the tractor portion of Defendants' vehicle was being operated by Defendant FARMLIND PRODUCE, LLC, or one of its agents, employees and/or servants.

65. That, on September 3, 2024, and at all times hereinafter mentioned, Defendant LUIS A ZAPATA ARENAS was operating the trailer portion of Defendants' vehicle during the course and scope of their employment for Defendant FARMLIND PRODUCE, LLC.

66. That, on September 3, 2024, the trailer portion of Defendants' vehicle was being operated by Defendant LUIS A ZAPATA ARENAS, or one of their agents, employees and/or servants.

67. That, on September 3, 2024, the trailer portion of Defendants' vehicle was being operated by Defendant FARMLIND PRODUCE, LLC, or one of its agents, employees and/or servants.

68. That, on September 3, 2024, Plaintiffs' motor vehicle was being operated on Interstate-87 at or near Mile Point Marker 21.2, in Clarkstown, New York.

69. That, on September 3, 2024, Defendants' vehicle was being operated on Interstate-87 at or near Mile Point Marker 21.2, in Clarkstown, New York.

70. That, on September 3, 2024, at the aforesaid time and place, Interstate-87, in Clarkstown, New York was, and still is, a publicly used thoroughfare.

71. That, on September 3, 2024, at approximately 11:15AM, while on Interstate-87 at or near Mile Point Marker 21.2, in Clarkstown, New York, Defendants' vehicle struck Plaintiffs' motor vehicle.

72. That, on September 3, 2024, at approximately 11:15AM, while on Interstate-87 at or near Mile Point Marker 21.2, in Clarkstown, New York, Defendants' vehicle collided with Plaintiffs' motor vehicle.

73. That, on September 3, 2024, at approximately 11:15AM, while on Interstate-87 at or near Mile Point Marker 21.2, in Clarkstown, New York, Defendants' vehicle came into contact with Plaintiffs' motor vehicle.

74. That, on September 3, 2024, at approximately 11:15AM, while on Interstate-87 at or near Mile Point Marker 21.2, in Clarkstown, New York, Defendants' vehicle rear-ended Plaintiffs' motor vehicle.

75. That, on September 3, 2024, at approximately 11:15AM, while on Interstate-87 at or near Mile Point Marker 21.2, in Clarkstown, New York, Defendants' vehicle was involved in a motor vehicle accident with Plaintiffs' motor vehicle.

76. That, on September 3, 2024, Defendant LUIS A ZAPATA ARENAS was charged with, ticketed, issued a ticket and/or cited for being in violation of VTL § 1129(a) – Following too closely.

77. That, by reason of the foregoing, Plaintiff GERMANE HODGE was seriously injured.

78. That as a result of the foregoing, Plaintiff GERMANE HODGE suffered a serious injury, as defined by Section 5102 of the Insurance Law of the State of New York.

79. That Plaintiff GERMANE HODGE is a "covered person" as defined by Section 5102 of the Insurance Law of the State of New York.

80. That by reason thereof, Plaintiff GERMANE HODGE is entitled to recover for non-economic loss and for all economic losses sustained.

81. That by reason thereof, Plaintiff GERMANE HODGE is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss," as set forth in Section 5102 of the Insurance Law of the State of New York.

82. That by reason of the foregoing, Plaintiff GERMANE HODGE was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff GERMANE HODGE incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff GERMANE HODGE has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff GERMANE HODGE will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff's great damage.

83. That, by reason of the foregoing, Plaintiff CYNTHIA ROMANO was seriously injured.

84. That as a result of the foregoing, Plaintiff CYNTHIA ROMANO suffered a serious injury, as defined by Section 5102 of the Insurance Law of the State of New York.

85. That Plaintiff CYNTHIA ROMANO is a "covered person" as defined by Section 5102 of the Insurance Law of the State of New York.

86. That by reason thereof, Plaintiff CYNTHIA ROMANO is entitled to recover for non-economic loss and for all economic losses sustained.

87. That by reason thereof, Plaintiff CYNTHIA ROMANO is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss," as set forth in Section 5102 of the Insurance Law of the State of New York.

88. That by reason of the foregoing, Plaintiff CYNTHIA ROMANO was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff CYNTHIA ROMANO incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff CYNTHIA ROMANO has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff CYNTHIA ROMANO will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff's great damage.

89. That this action falls within one or more of the exceptions set forth in NY CPLR § 1601.

90. That this action falls within one or more of the exceptions set forth in NY CPLR § 1602.

91. That, pursuant to NY CPLR § 1601, Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss.

92. That, pursuant to NY CPLR § 1602, Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss.

93. That Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss.

## AS AND FOR A FIRST CAUSE OF ACTION

94. Each and every one of the above allegations are repeated and realleged as part of this cause of action, and such allegations are repeated and realleged with the same force and effect, as though each were fully set forth at length herein.

95. That the aforesaid occurrence and the resulting injuries to Plaintiff GERMANE HODGE were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of Defendant LUIS A ZAPATA ARENAS, and without any negligence on the part of Plaintiffs contributing thereto.

96. That Defendant LUIS A ZAPATA ARENAS was reckless, careless and negligent in the ownership, operation, maintenance and control of Defendants' vehicle; in operating Defendants' vehicle in an unsafe and improper manner; in following too closely; in failing to adhere to traffic control devices; in failing to comply with speed regulations; in failing to keep Defendants' vehicle under proper control; in failing to make proper use of brakes, horns and other devices; in failing to keep a proper lookout; in violating the applicable laws, rules and regulations; in failing to make adequate and timely use of the brakes; in failing to notice or signal of approach.

97. That Defendant LUIS A ZAPATA ARENAS was otherwise reckless, careless and/or negligent.

98. That by reason of the foregoing, Plaintiff GERMANE HODGE has been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

99. Each and every one of the above allegations are repeated and realleged as part of this cause of action, and such allegations are repeated and realleged with the same force and effect, as though each were fully set forth at length herein.

100. That the aforesaid occurrence and the resulting injuries to Plaintiff CYNTHIA ROMANO were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of Defendant LUIS A ZAPATA ARENAS, and without any negligence on the part of Plaintiffs contributing thereto.

101. That Defendant LUIS A ZAPATA ARENAS was reckless, careless and negligent in the ownership, operation, maintenance and control of Defendants' vehicle; in operating

Defendants' vehicle in an unsafe and improper manner; in following too closely; in failing to adhere to traffic control devices; in failing to comply with speed regulations; in failing to keep Defendants' vehicle under proper control; in failing to make proper use of brakes, horns and other devices; in failing to keep a proper lookout; in violating the applicable laws, rules and regulations; in failing to make adequate and timely use of the brakes; in failing to notice or signal of approach.

102. That Defendant LUIS A ZAPATA ARENAS was otherwise reckless, careless and/or negligent.

103. That by reason of the foregoing, Plaintiff CYNTHIA ROMANO has been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

104. Each and every one of the above allegations are repeated and realleged as part of this cause of action, and such allegations are repeated and realleged with the same force and effect, as though each were fully set forth at length herein.

105. That the aforesaid occurrence and the resulting injuries to Plaintiff GERMANE HODGE were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of Defendant FARMLIND PRODUCE, LLC, and without any negligence on the part of Plaintiffs contributing thereto.

106. That Defendant FARMLIND PRODUCE, LLC was reckless, careless and negligent in the ownership, operation, maintenance and control of Defendants' vehicle; in operating Defendants' vehicle in an unsafe and improper manner; in following too closely; in failing to adhere to traffic control devices; in failing to comply with speed regulations; in failing to keep Defendants' vehicle under proper control; in failing to make proper use of brakes, horns and other devices; in failing to keep a proper lookout; in violating the applicable laws, rules and regulations; in failing to make adequate and timely use of the brakes; in failing to notice or signal of approach.

107. That Defendant FARMLIND PRODUCE, LLC was otherwise reckless, careless and/or negligent.

108. That by reason of the foregoing, Plaintiff GERMANE HODGE has been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which

would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

109. Each and every one of the above allegations are repeated and realleged as part of this cause of action, and such allegations are repeated and realleged with the same force and effect, as though each were fully set forth at length herein.

110. That the aforesaid occurrence and the resulting injuries to Plaintiff CYNTHIA ROMANO were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of Defendant FARMLIND PRODUCE, LLC, and without any negligence on the part of Plaintiffs contributing thereto.

111. That Defendant FARMLIND PRODUCE, LLC was reckless, careless and negligent in the ownership, operation, maintenance and control of Defendants' vehicle; in operating Defendants' vehicle in an unsafe and improper manner; in following too closely; in failing to adhere to traffic control devices; in failing to comply with speed regulations; in failing to keep Defendants' vehicle under proper control; in failing to make proper use of brakes, horns and other devices; in failing to keep a proper lookout; in violating the applicable laws, rules and regulations; in failing to make adequate and timely use of the brakes; in failing to notice or signal of approach.

112. That Defendant FARMLIND PRODUCE, LLC was otherwise reckless, careless and/or negligent.

113. That by reason of the foregoing, Plaintiff CYNTHIA ROMANO has been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION

114. Each and every one of the above allegations are repeated and realleged as part of this cause of action, and such allegations are repeated and realleged with the same force and effect, as though each were fully set forth at length herein.

115. That at all times herein mentioned, it was the duty of Defendant FARMLIND PRODUCE, LLC to entrust the use of Defendants' vehicle to suitable, competent, qualified, experienced, trained, diligent and adequate persons.

116. That at all times herein mentioned, it was the duty of Defendant FARMLIND PRODUCE, LLC to ensure that Defendants' vehicle was entrusted, for use and operation as a vehicle, to persons who were fit, suitable, properly trained and instructed.

117. That at all times herein mentioned, it was the duty of Defendant FARMLIND PRODUCE, LLC to ensure that Defendants' vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics, or unsuitable or unstable or contraindicated to safely operate such vehicle.

118. That by reason of the negligence of Defendant FARMLIND PRODUCE, LLC in negligently entrusting Defendants' vehicle to Defendant LUIS A ZAPATA ARENAS, Plaintiffs were caused to suffer severe injuries and damage, without fault or want of care on the part of Plaintiffs in any way contributing thereto, thereby causing extreme physical, mental and emotional injuries which are permanent in nature and duration.

119. That by reason of the foregoing, Plaintiffs have been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION

120. Each and every one of the above allegations are repeated and realleged as part of this cause of action, and such allegations are repeated and realleged with the same force and effect, as though each were fully set forth at length herein.

121. That Defendant FARMLIND PRODUCE, LLC was negligent and careless in failing to exercise reasonable care and diligence in the hiring, training, screening, and supervision of its agents, employees, operators and/or servants.

122. That by reason of the foregoing negligence and lack of due care by Defendant FARMLIND PRODUCE, LLC, Plaintiffs have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

123. That by reason of the foregoing, Plaintiffs have been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
       January 2, 2025

                                          Yours, etc.,

                                          ROTH & KHALIFE, LLP,

                                    By:   *Ronald H. Roth*

                                          RONALD H. ROTH, ESQ.,
                                          *Attorney(s) for Plaintiffs*
                                          14 Wall Street, Suite 1603
                                          New York, New York 10005
                                          Telephone: 212-608-3015
                                          Facsimile: 212-208-2177

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true, under the penalties of perjury:

That your Affirmant is the attorney-of-record for Plaintiffs in the within action; your Affirmant has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof; that the same is true to your Affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, your Affirmant believes those to be true; that the reason this verification is made by your Affirmant and not by Plaintiffs is that Plaintiffs is/are currently outside of the county in which your Affirmant maintains his/her offices.

The grounds for your Affirmant's belief as to all matters not stated upon his/her knowledge are investigations which he/she has made or has caused to be made concerning the subject matter of this action, and statements of parties or witnesses herein.

Dated: New York, New York
       January 2, 2025

                                        Yours, etc.,

                                        ROTH & KHALIFE, LLP,

                                   By:  *Ronald H. Roth*

                                        RONALD H. ROTH, ESQ.,
                                        *Attorney(s) for Plaintiffs*
                                        14 Wall Street, Suite 1603
                                        New York, New York 10005
                                        Telephone: 212-608-3015
                                        Facsimile: 212-208-2177

Index No.: 030014/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

GERMANE HODGE, and CYNTHIA ROMANO,

*Plaintiffs*,

-against-

LUIS A ZAPATA ARENAS, and
FARMLIND PRODUCE, LLC,

*Defendants*.

---

## SUMMONS AND COMPLAINT

---

ROTH & KHALIFE, LLP

*Attorney(s) for Plaintiffs*
14 Wall Street, Suite 1603
New York, New York 10005
(212) 608-3015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
GERMANE HODGE, and CYNTHIA ROMANO,

                *Plaintiffs*,　　　　　　　　　Index No.: 030014/2025

            -against-

LUIS A ZAPATA ARENAS, and
FARMLIND PRODUCE, LLC,

                *Defendants*.
-----------------------------------------------------------------X

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney**:
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney**:
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits** of participating in e-filing include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov Page 1 of 2 EFM-1 To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys
### (E-filing Commencement Documents is Mandatory)

Attorneys representing a party must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: New York, New York
       January 2, 2025


*Ronald H. Roth*
_____
Signature

RONALD H. ROTH
_____
Name

ROTH & KHALIFE, LLP
_____
Firm Name

14 Wall Street, Suite 1603
_____
Address

New York, New York 10005
_____

212-608-3015
_____
Telephone

nroth@rothandkhalife.com
_____
E-mail

To:

LUIS A ZAPATA ARENAS (New Jersey License ID Number: Z05134946103652)
*Defendant*
113 Ayers Ct., Apt P2
Teaneck, NJ 07666

FARMLIND PRODUCE, LLC
*Defendant*
804 Clauss Lane
River Vale, NJ 07675
Attention: Legal Department

**PROMPTLY FORWARD THIS DOCUMENT TO YOUR INSURANCE COMPANY**